IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:11CV349 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Steven Blair ("Blair") filed his Complaint in this matter on October 7, 2011. (Filing No. 1.) Blair was previously given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Blair filed his Complaint against Douglas County, Donald Kliene ("Kliene"), Stuart Dornan ("Dornan"), James Jansen ("Jansen"), Jane and John Doe Douglas County Court Reporters, and Douglas County Court Administrators. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that he was wrongfully convicted of kidnapping, terroristic threats, and use of a weapon to commit a felony in 1998 in the Douglas County District Court. (*Id.* at CM/ECF p. 3.) Blair served eight years and six months in prison as a result of the conviction. (*Id.* at CM/ECF p. 11.) Blair was eventually released from prison because the Douglas County District Court granted him a new trial based on the ineffective assistance of trial counsel. (*Id.* at CM/ECF p. 5.) On January 15, 2008, the Douglas County Attorney's Office dismissed all charges against Blair. (*Id.* at CM/ECF p. 6.)

Blair alleges that, in prosecuting him, (1) Douglas County officials concealed medical evidence from the defense that, if provided, would have exonerated Blair; (2)

Douglas County prosecutors presented testimony at trial they knew to be false; and (3) Douglas County court reporters failed to provide a complete and accurate transcript of the trial proceedings, and also destroyed recordings of the proceedings. (*Id.* at CM/ECF pp. 2-9.) In addition, Blair lists numerous Douglas County policies and practices that led to his unlawful arrest, conviction, and detention. (*See id.* at CM/ECF pp. 11-15.) Blair alleges that Defendants' unlawful acts occurred between May 12, 1997, and January 15, 2008. (*Id.* at CM/ECF p. 6.) Blair seeks monetary damages in the amount of $30,000,000.00. (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Claims Against Kliene, Dornan, and Jansen

Blair lists Kliene, Dornan, and Jansen in the caption of the Complaint, but does not allege any specific acts committed by these individuals. Indeed, in the body of the Complaint, Blair states only that these individuals are sued in their individual and official capacities and that they are deputy county attorneys. (Filing No. 1 at CM/ECF p. 2.) A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Because Blair failed to allege that Kliene, Dornan, and Jansen were personally involved in violating his constitutional rights, Blair's Complaint fails to state a claim upon which relief may be granted against them. In addition, even if Blair had alleged specific acts by Kliene, Dornan, and Jansen, as prosecutors they are likely entitled to immunity from suit. See *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are intimately associated with the judicial process.") (internal citation omitted).

#### B. Claims Against Douglas County

Regarding Blair's claims against Jane and John Doe Douglas County Court Reporters and Douglas County Court Administrators, the court notes that, where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535.

3

Here, Blair did not specify the capacity in which these individuals are sued. (Filing No. 1.) Therefore, the court assumes that they are sued in their official capacities only. These official-capacity claims are actually claims against Douglas County.

Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Liberally construed, Blair alleges that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County and its employees, and that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized the unconstitutional conduct. In addition, Blair alleges that an unconstitutional custom was the moving force behind his injuries.

4

(Filing No. 1 at CM/ECF pp. 11-16.) As set forth above, Blair lists numerous Douglas County policies and practices that led to his unlawful arrest, conviction, and detention. (*See id.* at CM/ECF pp. 11-15.) In addition, Blair alleges that Douglas County and its policymakers were aware that Douglas County officials were engaged in unlawful conduct but failed to take any action against them.

Blair has alleged sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard. As such, service on Douglas County is now warranted. Although the court finds that Blair's claims may proceed against Douglas County, the court cautions that this is only a preliminary determination based solely on the allegations of the Complaint and is not a determination of the merits of Blair's claims or potential defenses thereto.[1]

IT IS THEREFORE ORDERED that:

1.      Blair's claims against Kliene, Dornan, and Jansen are dismissed without prejudice.

2.      Blair's claims against Douglas County may proceed to service. Blair must complete and return the summons form that the clerk of the court will provide to him. The court directs the clerk of the court to send ONE summons form and ONE USM-285 form to Blair, together with a copy of this Memorandum and Order. Blair shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for

---

[1] Blair's Complaint is likely barred by Nebraska's four-year statute of limitations applicable to suits brought pursuant to 42 U.S.C. § 1983, as most of Blair's claims relate to conduct that occurred during his trial in 1998. However, the court is reluctant to make such a finding at this time because in Blair's Complaint Blair alleges that his "civil rights were violated from May 12, 1997, to January 15, 2008." (*See* Filing No. 1 at CM/ECF p. 6.)

5

service of process. The Marshal shall serve summons and the Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Blair is informed for the first time of these requirements, Blair is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Blair is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The clerk of the court is directed to set a pro se case management deadline in this case with the following text: "May 25, 2012: Check for completion of service of summons."

DATED this 26th day of January, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.