**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **STEVEN R. BLAIR,** | |
| **Plaintiff,** | **8:11CV349** |
| **vs.** | |
| **DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska, DONALD KLEINE, in his official capacity, STUART DORNAN, in his official capacity, JAMES JANSEN, in his official capacity, LORETTA VONDRA, in her individual and official capacities, MARY S. MCKEEVER, in her individual and official capacities, and DOUGLAS COUNTY COURT ADMINISTRATORS,** | **ORDER** |
| **Defendants.** | |

This matter is before the court on the defendants' Motion to Dismiss (Filing No. 34).[1]  The defendants filed a brief (Filing No. 35) in support of the motion.  The plaintiff filed a brief (Filing No. 39) in opposition.  The defendants did not file a reply.

## BACKGROUND

### 1.    Arrest and Conviction

On May 12, 1997, the plaintiff, Steven R. Blair (Blair), was arrested for the assault and kidnapping of Patty Dory (Dory).  **See** Filing No. 28 - Amended Complaint p. 2-19.  The Douglas County Attorney charged Blair in June 1997.  **Id.**  On June 16, 1998, Blair was convicted of kidnapping, terroristic threats, and use of a weapon to commit a felony.  **Id.**  Blair was sentenced to ten to fifteen years' imprisonment for the kidnapping, three to five years' imprisonment for the use of a deadly weapon to commit a felony, to run consecutively, and four to five years' imprisonment for the terroristic threats, to run concurrently with the other two sentences.  **Id.**

---

[1]    The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  **See** Filing No. 36.

2.      **State Court Post-Conviction Proceedings**

On April 27, 1998, Blair filed a motion for a new trial.  *Id.*  The Nebraska Court of Appeals affirmed Blair's conviction and sentence on March 31, 1999.  *Id.* Subsequently, Blair filed an amended motion to set aside his convictions and sentences.  *Id.*  On August 11, 2003, the Douglas County District Court "set aside the judgment of conviction and Blair's sentencing, and the court ordered a new trial."  *Id.* The Douglas County District Court concluded Blair "sustained his burden of proof as to his allegation that he was rendered ineffective assistance of counsel."  *Id.*  The State attempted to appeal the postconviction judgment, but, in a decision on November 15, 2005, the Nebraska Court of Appeals dismissed the State's appeal for lack of jurisdiction.  *Id.*; *State v. Blair*, 707 N.W.2d 8, 9 (Neb. Ct. App. 2005).

3.      **First Federal Lawsuit[2]**

On April 3, 2001, Blair filed his first lawsuit in this court relating to his May 12, 1997, arrest.  **See** Filing No. 1 - Complaint in Case No. 4:01CV3065.  Blair sued several officers and alleged they violated his Fourth Amendment rights when the officers arrested Blair and searched his residence without probable cause.  *Id.*

On June 26, 2001, United States Magistrate Judge Kathleen A. Jaudzemis (Judge Jaudzemis) conducted an initial review of Blair's complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires a court to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate.  **See** Filing No. 5 - Order in Case No. 4:01CV3065.  Judge Jaudzemis concluded the holding of **Heck v. Humphrey** barred Blair's claims.  *Id.*; see **Heck v. Humphrey**, 512 U.S. 477 (1994).  However, Judge Jaudzemis was uncertain whether Blair's state conviction was invalidated and gave Blair leave to file an amended complaint.  *Id.*  Blair filed an amended complaint on July 5, 2001.  **See** Filing No. 6 - Amended Complaint in Case No. 4:01CV3065.  Judge Jaudzemis reviewed the Amended Complaint and recommended Blair's Amended Complaint be dismissed because Blair had not shown he received a favorable outcome in postconviction proceedings as contemplated by **Heck**.  **See** Filing No. 7 - Report and Recommendation in Case No. 4:01CV3065.  On November 16, 2001, District Judge

---

[2]      Blair filed several lawsuits in this court.  However, two of the actions, Case Nos. 8:05CV31 and 8:07CV307, which were dismissed without prejudice, are unrelated to his current federal lawsuit and will not be discussed.

Richard G. Kopf (Judge Kopf) adopted Judge Jaudzemis' Report and Recommendation and dismissed Blair's Amended Complaint.  **See** Filing Nos. 10 - Memorandum and Order; 11 - Judgment in Case No. 4:01CV3065.

Blair filed a notice of appeal on December 11, 2001.  **See** Filing No. 12 - Appeal in Case No. 4:01CV3065.  On July 23, 2002, the Eighth Circuit United States Court of Appeals affirmed this court's dismissal of Blair's action.  **See** Filing No. 24 - Eighth Circuit Judgment in Case No. 4:01CV3065.

**4.      Second Federal Lawsuit**

On June 25, 2004, Blair filed his second federal lawsuit in this court relating to his May 12, 1997, arrest.  **See** Filing No. 1 - Complaint in Case No. 4:04CV3229.  Blair filed his complaint against the same police officers as in Blair's first federal lawsuit (Case No. 4:04CV3065) and added defendants and claims.  **Id.**  In addition to his Fourth Amendment claims, Blair alleged conspiracy, malicious prosecution, abuse of process, and false imprisonment.  **Id.**

On July 26, 2006, Judge Kopf stayed Blair's second federal lawsuit.  **See** Filing No. 57 - Memorandum and Order in Case No. 4:04CV3229.  Judge Kopf noted:

> The parties acknowledge that the principles expressed in **Heck v. Humphrey**, 512 U.S. 477 (1994), barred the plaintiff from bringing this civil rights action before August 11, 2003, when he achieved a favorable outcome in his postconviction action.  That is because until he prevailed on postconviction review, the plaintiff could not, through an action under § 1983, cast doubt on the validity of his confinement until his conviction had first been invalidated or overturned in a state proceeding or through a federal writ of habeas corpus.  The decision in **Heck v. Humphrey** barred the plaintiff from litigating in a civil rights action his claims that the defendants had wrongfully procured his conviction.

**Id.**  Judge Kopf further noted, even though the Douglas County District Court invalidated Blair's conviction, Blair's criminal case was pending, in that he had not yet been retried, thus Blair had not obtained a final favorable outcome in his criminal case.  **Id.**  On August 21, 2006, Judge Kopf dismissed without prejudice Blair's case and granted Blair leave to reopen the case "upon completion of the criminal proceedings in the state courts."  **See** Filing No. 59 - Memorandum and Order in Case No. 4:04CV3229.

**5.    Third Federal Lawsuit**

On August 3, 2007, Blair filed his third federal lawsuit in this court relating to his May 12, 1997, arrest.  **See** Filing No. 1 - Complaint in Case No. 8:07CV295.  Blair filed his complaint against the same police officers as in Blair's first and second federal lawsuits (Case Nos. 4:04CV3065 and 4:04CV3229) and added defendants and claims.  *Id.*  On October 16, 2007, District Judge Joseph F. Bataillon (Judge Bataillon) noted Blair previously brought similar claims in this court against many of the same defendants.  **See** Filing No. 6 - Memorandum and Order in Case No. 8:07CV295.  *Id.*  Judge Bataillon ordered Blair "to explain how the circumstances have changed since the dismissal of the two previous lawsuits."  *Id.*

On January 25, 2008, Blair filed a brief explaining his change in circumstances.  **See** Filing No. 14 - Brief in Case No. 8:07CV295.  Blair explained he was unconditionally released from prison on December 14, 2005.  *Id.*  Further, Blair explained the Nebraska Court of Appeals, affirmed by the Nebraska Supreme Court, declared his postconviction proceedings were moot on November 1, 2007.  *Id.*  Lastly, Blair explained the Douglas County Attorney's Office dismissed criminal proceedings against Blair on January 15, 2008.  *Id.*  On July 1, 2008, Judge Bataillon concluded Blair's criminal proceedings were complete and allowed Blair to obtain service of process on the defendants.  **See** Filing No. 15 - Memorandum and Order in Case No. 8:07CV295.

Blair named Douglas County as one of the defendants in Blair's third federal lawsuit.  **See** Filing No. 16 - Amended Complaint in Case No. 8:07CV295.  On November 21, 2008, Douglas County filed a Motion to Dismiss.  **See** Filing No. 89 - Motion in Case No. 8:07CV295.  On April 15, 2009, Judge Bataillon dismissed the claims against Douglas County without prejudice because Blair did not sufficiently allege a claim against Douglas County.  **See** Filing No. 169 - Memorandum and Order in Case No. 8:07CV295.

On August 5, 2009, several defendants file a joint motion for summary judgment.  **See** Filing No. 235 - Defendants' Motion in Case No. 8:07CV295.  In an order dismissing all but Blair's Fourth Amendment claims against certain officers, Judge Bataillon discussed the statute of limitations issue.  **See** Filing No. 282 - Memorandum and Order in Case No. 8:07CV295.  Judge Bataillon interpreted Blair's argument, based

4

on the principles of *Heck*, as an argument for equitable tolling.  *Id.* at 10.   Judge Bataillon noted Blair was required to file his Fourth Amendment claims by May 12, 2001.  *Id.*  However, Judge Bataillon determined Blair pursued his rights diligently and "the court has prevented him from resolving his claims as it has twice determined that they were barred by *Heck*."  *Id.* at 11.  Therefore, Judge Bataillon concluded the statute of limitations was equitably tolled with respect to Blair's Fourth Amendment claims.  *Id.*

On March 14, 2011, Blair filed an Acceptance of Rule 68 Offer.  **See** Filing No. 406 - Acceptance in Case No. 8:07CV295.  On April 4, 2011, this court dismissed Blair's action pursuant to the parties' Joint Stipulation for Dismissal.  **See** Filing Nos. 416 - Joint Stipulation; 417 - Order in Case No. 8:07CV295.  Subsequently, Blair appealed the Order adopting the Joint Stipulation.  **See** Filing No. 425 - Notice of Appeal in Case No. 8:07CV295.  The United States Court of Appeals for the Eighth Circuit affirmed this court's dismissal.  **See** Filing No. 436 - Eighth Circuit Judgment in Case No. 8:07CV295.

## 6.   Current Federal Lawsuit

On October 7, 2011, Blair filed the instant action, *pro se*.  **See** Filing No. 1 - Complaint.  Blair filed his complaint against Douglas County, Donald Kleine (Kleine), Stuart Dornan (Dornan), James Jansen (Jansen), Jane and John Doe Douglas County Court Reporters (DCC Reporters), and Douglas County Court Administrators (DCC Administrators).  *Id.*  Blair alleges he was wrongfully convicted of kidnapping, terroristic threats, and use of a weapon to commit a felony.  *Id.*  Specifically, Blair alleges:  1) Douglas County officials concealed medical evidence from the defense that, if provided, would have exonerated Blair; 2) Douglas County prosecutors presented testimony at trial they knew to be false; and 3) DCC Reporters failed to provide a complete and accurate transcript of the trial proceedings and destroyed recordings of the proceedings.  *Id.*  Blair also alleges numerous Douglas County policies and practices led to his unlawful arrest, conviction, and detention.  *Id.*  Blair alleges the defendants' unlawful acts occurred between May 12, 1997, and January 15, 2008.  *Id.*  Blair seeks monetary damages in the amount of $30,000,000.00.  *Id.*

Also on October 7, 2011, Blair filed a Motion to Proceed In Forma Pauperis.  **See** Filing No. 2.  On November 28, 2011, District Judge Laurie Smith Camp provisionally granted Blair's motion to proceed *in forma pauperis*.  **See** Filing No. 6 - Order.  Judge

Bataillon subsequently conducted an initial review of Blair's complaint pursuant to 28 U.S.C. § 1915(e)(2).  **See** Filing No. 8 - Memorandum and Order.  Judge Bataillon dismissed Blair's claims against Kleine, Dornan, and Jansen because Blair did "not allege any specific acts committed by these individuals."  **Id.** at 3.  Judge Bataillon also noted, "even if Blair had alleged specific acts by Kleine, Dornan, and Jansen, as prosecutors they are likely entitled to immunity from suit."  **Id.** (**citing *Schenk v. Chavis***, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are intimately associated with the judicial process.") (internal citation omitted)).

Judge Bataillon assumed DCC Reporters and DCC Administrators were sued in their official capacities as Blair did not specify the capacity in which these individuals were sued.  **Id.** at 4.  Therefore, Judge Bataillon construed Blair's claims against such defendants as claims against Douglas County because a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  **Id.** (**citing *Johnson v. Outboard Marine Corp.***, 172 F.3d 531, 535 (8th Cir. 1999)).  Judge Bataillon concluded Blair "alleged sufficient facts to 'nudge' his claims against Douglas County across the line from conceivable to plausible under the [***Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis County***, 901 F.2d 642, 645 (8th Cir. 1990)] standard."  **Id.** at 5.  Judge Bataillon noted the January 26, 2012, Memorandum and Order was "only a preliminary determination based solely on the allegations of the Complaint and is not a determination of the merits of Blair's claims or potential defenses thereto."  **Id.**  Judge Bataillon further noted:

> Blair's Complaint is likely barred by Nebraska's four-year statute of limitations applicable to suits brought pursuant to 42 U.S.C. § 1983, as most of Blair's claims relate to conduct that occurred during his trial in 1998.  However, the court is reluctant to make such a finding at this time because in Blair's Complaint Blair alleges that his "civil rights were violated from May 12, 1997, to January 15, 2008."

**Id.** at 5 n.1.

On June 14, 2012, the remaining defendants filed a motion to dismiss.  **See** Filing No. 17.  Blair subsequently obtained counsel.  **See** Filing No. 19 - Notice of Appearance.  Blair filed a brief in opposition to the defendants' motion to dismiss and

requested leave to amend his complaint.  **See** Filing No. 24 - Blair's response p. 9.  On October 16, 2012, Judge Bataillon granted Blair leave to amend the complaint and denied as moot the defendants' motion to dismiss without prejudice to refilling.  **See** Filing No. 25 - Memorandum and Order.

On November 20, 2012, Blair filed an Amended Complaint.  **See** Filing No. 28 - Amended Complaint.  Blair filed his complaint against Douglas County, Kleine, Dornan, Jansen, DCC Reporters, and DCC Administrators.  *Id.*  Blair also named as defendants DCC Reporters Loretta Vondra (Vondra) and Mary S. McKeever (McKeever).  *Id.*  Blair alleges three counts against the defendants.  *Id.* at 19-43.  In Blair's first count, Blair alleges malicious prosecution, false imprisonment, use of fraudulent police reports, and procurement of unreliable and fabricated evidence and testimony.  *Id.* at 19-20.  Blair alleges the Douglas County Attorney tendered knowingly false testimony, failed to disclose exculpatory evidence, and impeded Blair's right to call witnesses.  *Id.* at 20-27. Blair also alleges McKeever intentionally removed witnesses' statements in accordance with a plan to deprive Blair of a fundamentally fair trial.  *Id.* at 22.

In Blair's second count, Blair alleges the defendants conspired to deprive Blair of his constitutional rights.  *Id.* at 28-29.  Blair alleges the defendants deliberately solicited false statements, fabricated and manufactured evidence that did not exist, and coerced witnesses to provide false evidence.  *Id.* at 28.

In Blair's third count, Blair alleges the defendants committed various violations.  *Id.* at 29-43.  Blair generally alleges numerous Douglas County Attorney's Office policies and practices led to his unlawful arrest, conviction, and detention.  *Id.*  Blair also alleges the Douglas County Attorney's Office failed to train and supervise its deputy county attorneys which led to obvious ***Brady*** violations.  *Id.* at 30-32.  Blair alleges the Douglas County Attorney's Office failed to investigate the alleged crimes.  *Id.* at 32-34. Lastly, Blair alleges various ***Monell v. Dep't of Soc. Servs. of City of New York***, 436 U.S. 658 (1978) claims against Douglas County for enforcing a policy, practice, and custom of failing to investigate crimes adequately, fabricating evidence, withholding evidence, discriminating based on race, tampering with witnesses, failing to discipline and supervise county attorneys, and conspiring to obtain wrongful convictions.  *Id.* at 34-43.

On February 5, 2013, Douglas County filed the current Motion to Dismiss.  **See** Filing No. 34 - Motion.  Douglas County moves to dismiss Blair's complaint on six grounds.  **Id.**  Douglas County argues:  1) the four-year statute of limitations bars Blair's claims; 2) Blair failed to state a claim upon which relief can be granted; 3) Blair failed to allege sufficient facts to show a municipal policy or custom led to Blair's injuries; 4) Blair had a full and fair opportunity to litigate the same issues; 5) Blair is not entitled to damages under 42 U.S.C. § 1983; and 6) Blair has not properly served John or Jane Doe DCC Administrators pursuant to Federal Rule of Civil Procedure 4.  **Id.**  Douglas County filed a brief in support of its motion, however Douglas County addressed only the statute of limitations issue while reserving arguments on the remaining grounds for future briefing.  **See** Filing No. 35 - Brief p. 6.

Douglas County argues the DCC Reporters are at-will employees and a "suit against a public employee in his or her official capacity is merely a suit against the public employer," therefore, Douglas County's brief addresses the claims against Douglas County and DCC Administrators.  **Id.** at 1 (**citing Johnson**, 172 F.3d at 535).  Douglas County argues the four-year statute of limitations set forth in Neb. Rev. Stat. § 25-207, which applies to personal injury actions, has expired and Blair has run out of time to file suit against Douglas County or its employees under 42 U.S.C. § 1983.  **Id.** at 3.  Douglas County argues the four-year statute of limitations began to run when Blair discovered or should have discovered Douglas County violated Blair's rights when officers arrested Blair on May 12, 1997.  **Id.** at 4.  Douglas County argues Blair should have discovered his injury at least when he was indicted, tried, convicted, and sentenced in 1998, at which time the four-year statute of limitations would begin to run. **Id.**  Douglas County argues although Blair was imprisoned, which would entitle Blair to toll the statute of limitations, he was not legally disabled from filing his claims.  **Id.** at 5.  Douglas County also argues even if this court liberally construed Blair's Amended Complaint to show Blair was legally disabled from bringing his claim during imprisonment, Blair was released from prison on December 14, 2005, which is more than four years before Blair filed his complaint on October 7, 2011.  **Id.**

Blair argues **Heck** and this court prevented Blair from filing his 42 U.S.C. § 1983 action against the defendants until he obtained a favorable outcome in his postconviction relief proceedings and was not under threat of a new trial.  **See** Filing No.

39 - Response p. 6-7.  Blair argues his postconviction relief became final when the Douglas County Attorney's Office dismissed claims against Blair on January 15, 2008. *Id.*  Therefore, Blair argues the statute of limitations did not begin to accrue until January 15, 2008.  *Id.* at 10.

## ANALYSIS

"Dismissal under Rule 12(b)(6) is appropriate if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." *O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  In applying these standards, the court must "accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party."  *Mathers v. Wright*, 636 F.3d 396, 397 (8th Cir. 2011).

The relevant statute of limitations for Blair's 42 U.S.C. § 1983 claims is Neb. Rev. Stat. § 25-207, which sets forth a four-year statute of limitation.  **See** Neb. Rev. Stat. § 25-207; *Montin v. Estate of Johnson*, 636 F.3d 409, 412 (8th Cir. 2011).  "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Montin*, 636 F.3d at 413 (*citing Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Blair alleges he suffered ongoing violations of his rights from May 12, 1997, the date of his arrest, to January 15, 2008, the date the Douglas County Attorney dismissed charges against Blair.  The events underlying Blair's claims occurred at different times, therefore, the statute of limitations commenced to run at different times.  However, the court does not need to engage in an individual analysis of when the statute of limitations

commenced on each claim because the court finds the principles of *Heck* tolled the statute of limitations as explained below.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Deroo v. United States*, No. 12-1632, 2013 WL 978212, at *2 (8th Cir. Mar. 14, 2013) (**quoting** *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require *reasonable* efforts." *Id.* (emphasis in original) (internal quotation omitted).   In *Heck*, the Supreme Court addressed the question of whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983.  *Heck*, 512 U.S. at 486-87.  "[I]f a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is [invalidated]." *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (**citing** *Heck*, 512 U.S. at 486-87).

This court dismissed without prejudice Blair's first federal lawsuit, filed April 3, 2001, because Blair's state postconviction proceedings had not yet resulted in a favorable outcome.  **See** Filing Nos. 10 - Memorandum and Order; 11 - Judgment in Case No. 4:01CV3065.  This court cited the principles of *Heck* as the basis for dismissal. *Id.*  Blair's second federal lawsuit, filed June 25, 2004, was likewise dismissed without prejudice and he was given leave to reopen based on the *Heck* principles.  **See** Filing No. 57 - Memorandum and Order in Case No. 4:04CV3229.  The court stated although Blair achieved a favorable outcome in his postconviction proceedings on August 11, 2003, Blair's new trial had not yet occurred. *Id.*  The court noted if Blair's second federal lawsuit proceeded and he received a favorable outcome, such outcome could undermine the validity of a possible future conviction in the Blair's new trial. *Id.*  Thus, the principles of *Heck* continued to bar Blair's federal proceedings. Blair was finally able to proceed with his claims in his third federal lawsuit filed August 3, 2007.   In allowing Blair to proceed, the court noted the criminal proceedings against Blair were complete.  **See** Filing No. 15 - Memorandum and Order in Case No. 8:07CV295.

Blair diligently pursued his rights.  Additionally, this court prevented Blair from proceeding with prior federal lawsuits until Blair's third federal lawsuit, Case No. 8:07CV295, because Blair had not yet been retried, and therefore had not obtained a final favorable outcome in his criminal case as contemplated by *Heck*.  Allowing Blair to proceed prior to the conclusion of Blair's criminal proceedings could have challenged the validity of any outstanding criminal judgment or future judgment.  **See *Williams v. Schario***, 93 F.3d 527, 529 (8th Cir. 1996) (holding the plaintiff's claims were not cognizable under 42 U.S.C. § 1983 because judgment in the plaintiff's favor that the defendants presented perjured testimony and maliciously prosecuted the plaintiff would necessarily imply the invalidity of the plaintiff's conviction).  The statute of limitations was equitably tolled until November 1, 2007, when a mandate was issued dismissing Blair's postconviction proceedings as moot, or January 15, 2008, when the Douglas County Attorney's Office dismissed criminal proceedings against Blair.   Assuming the four-year statute of limitations commenced to run on November 1, 2007, Blair had until November 1, 2011, to file his claims against the defendants.  Blair filed his complaint on October 7, 2011, therefore Blair's claims are not time-barred.

The defendants listed additional grounds for dismissal; however, the parties limited their briefs to the statute of limitations issue.  Therefore, the court will not address those arguments at this time.


**IT IS ORDERED**:

1.       The defendants' Motion to Dismiss (Filing No. 34) is denied.

2.       The defendants shall have until **April 15, 2013**, to file a motion to dismiss.

3.       The Clerk of the Court is directed to amend the case caption as reflected on this order.


Dated this 1st day of April, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

11