IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN R. BLAIR,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, DONALD KLEINE, STUART DORNAN, JAMES JANSEN, LORETTA VONDRA, MARY S. MCKEEVER, and DOUGLAS COUNTY COURT ADMINISTRATORS,<br><br>　　　　　　　Defendants. | 8:11CV349<br><br>ORDER |

　　　This matter is before the court on the Motion to Stay Discovery (Filing No. 62) filed by the defendants Mary S. McKeever (McKeever) and Loretta Vondra (Vondra). These defendants filed a brief (Filing No. 63) in support of the motion. The plaintiff, Steven R. Blair (Blair), filed a brief (Filing No. 65) in opposition. The other defendants did not participate in this motion.

## BACKGROUND

　　　This matter arises from Blair's May 12, 1997, arrest for assault, kidnapping, and terroristic threats. **See** Filing No. 28 - Amended Complaint p. 2-19. Blair was convicted and sentenced to ten to fifteen years' imprisonment for the kidnapping, three to five years' imprisonment for the use of a deadly weapon to commit a felony, to run consecutively, and four to five years' imprisonment for the terroristic threats, to run concurrently with the other two sentences. *Id.* On April 27, 1998, Blair filed a motion for a new trial. *Id.* On August 11, 2003, the Douglas County District Court "set aside the judgment of conviction and Blair's sentencing, and . . . ordered a new trial." *Id.* Blair was unconditionally released from prison on December 14, 2005. *Id.* The Nebraska Court of Appeals, affirmed by the Nebraska Supreme Court, declared Blair's postconviction proceedings were moot on November 1, 2007. *Id.* The Douglas County Attorney's Office dismissed criminal proceedings against Blair on January 15, 2008. *Id.*

　　　On November 20, 2012, Blair filed an Amended Complaint against Douglas County, Donald Kleine (Kleine), Stuart Dornan (Dornan), James Jansen (Jansen), Douglas County Court (DCC) Administrators, and DCC Reporters McKeever and Vondra. **See** Filing No. 28

- Amended Complaint. With regard to McKeever and Vondra, Blair alleges they conspired with state actors to deprive Blair of a fundamentally fair trial by intentionally removing opening statements and testimony from the record in Blair's criminal trial. *Id.* at 14, 22.

On May 17, 2013, the defendants McKeever and Vondra filed a motion for summary judgment based on qualified immunity. **See** [Filing No. 59](). On the same day, McKeever and Vondra filed the instant motion to stay discovery pending the court's resolution of their summary judgment motion. **See** [Filing No. 62]() - Motion. McKeever and Vondra argue they should not be subjected to the burden of discovery until the court rules on their summary judgment motion. **See** [Filing No. 63]() - Brief p. 1-2. In response, Blair objects to the stay on the basis McKeever and Vondra are not protected by qualified immunity. **See** [Filing No. 65]() - Response. Blair argues discovery should proceed to allow Blair to obtain sufficient discovery in order for Blair to set forth specific facts showing genuine issues of fact remain for trial. *Id.* at 3.

### ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. North Am. Co.***, 299 U.S. 248, 254 (1936); **see *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba***, 477 F.3d 942, 945 (8th Cir. 2007) (recognizing a district court's inherent power to stay an action). Similarly, it is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." ***Farouki v. Petra Int'l Banking, Corp.***, 683 F. Supp. 2d 23, 26 (D. D.C. 2010) (citations and quotations omitted). Furthermore, "[d]iscovery is considered inappropriate . . . while a motion that would be dispositive of the claims . . . is pending." ***Geiser v. Simplicity, Inc.***, No. 5:10-CV-21, 2011 WL 128776, at *4 (D. W. Va. Jan. 14, 2011) (Slip Copy). In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties. **See *Benge v. Eli Lilly & Co.***, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008); **see also *Nken v. Holder***, 556 U.S. 418, 434 (2009) (noting the court may consider the public interest and the parties' likelihood of success on the case's merits). "The party requesting a stay bears the burden of showing that the circumstances justify [a stay]." ***Nken***, 556 U.S. at 433-34.

A stay of discovery pending the court's ruling on the summary judgment motion based on qualified immunity is justified.  See *Ballard v. Heineman*, 548 F.3d 1132 (8th Cir. 2008) (reasoning where qualified immunity is asserted as a defense, the court may stay discovery until the issue of qualified immunity is resolved).  The court finds the defendants should not be subjected to the costs associated with discovery until the court rules upon their summary judgment motion.  See *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (stating doctrine of qualified immunity is intended, in part, to protect state actors from the costs associated with litigation such as discovery).  Whether qualified immunity applies, Blair suffers no undue prejudice from a stay.  Although Blair contends he should be allowed discovery to set forth specific facts showing there is a genuine issue for trial, Blair fails to identify specific facts he seeks to discover.  The period of the stay will likely be short compared with the burden related to the potentially unnecessary discovery.  The court has considered all relevant factors and finds the balance weighs in favor of a stay because a stay would best serve the interests of all parties and the court.  Upon consideration,

**IT IS ORDERED**:

1. Mary S. McKeever and Loretta Vondra's Motion to Stay Discovery ([Filing No. 62](#)) is granted without prejudice to the plaintiff filing a properly supported motion to conduct limited discovery to address the issue of qualified immunity.  Any such motion must include specific facts the plaintiff seeks to uncover and how those facts relate to the qualified immunity defense.

2. Steven R. Blair's Objection to Defendant's McKeever and Vondra's Motion to Stay Discovery ([Filing No. 65](#)) is overruled.

Dated this 4th day of June, 2013.

                                              BY THE COURT:

                                              s/ Thomas D. Thalken
                                              United States Magistrate Judge