## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **STEVEN R. BLAIR,** | |
| **Plaintiff,** | **8:11CV349** |
| **vs.** | |
| **DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska, DONALD KLEINE, in his official capacity, STUART DORNAN, in his official capacity, JAMES JANSEN, in his official capacity, LORETTA VONDRA, in her individual and official capacities, MARY S. MCKEEVER, in her individual and official capacities, and DOUGLAS COUNTY COURT ADMINISTRATORS,** | **ORDER** |
| **Defendants.** | |

This matter is before the court on the plaintiff's Motion to Conduct Limited Discovery to Address the Issue of Qualified Immunity (Filing No. 74). The plaintiff filed a brief (Filing No. 74-1) and Evidence Index (Filing No. 74-2) in support of the motion. The plaintiff also filed a Motion to Strike Incorrect Affidavit and to File the Exhibits (Filing No. 75) and a signed Affidavit (Filing No. 76).

## BACKGROUND

This matter arises from Blair's May 12, 1997, arrest and subsequent conviction for assault, kidnapping, and terroristic threats. **See** Filing No. 28 - First Amended Complaint p. 2-19. Blair was released from prison in 2005 after his conviction was set aside in 2003. *Id.* The Douglas County Attorney's Office dismissed criminal proceedings against Blair on January 15, 2008. *Id.* On November 20, 2012, Blair filed a First Amended Complaint against Douglas County, Donald Kleine, Stuart Dornan, James Jansen, Douglas County Court (DCC) Administrators, and DCC Reporters Mary S. McKeever (McKeever) and Loretta Vondra (Vondra). *Id.* With regard to McKeever and Vondra, Blair alleges they conspired with state actors to deprive Blair of a fundamentally fair trial by intentionally removing opening statements and testimony from the record in Blair's criminal proceedings. *Id.* at 14, 22.

On May 17, 2013, McKeever and Vondra filed a motion for summary judgment based on qualified immunity.  **See** Filing No. 59.  On the same day, McKeever and Vondra filed a motion to stay discovery pending the court's resolution of their summary judgment motion.  **See** Filing No. 62.  On June 4, 2013, the court entered a stay of discovery pending resolution of McKeever's and Vondra's summary judgment motion.  **See** Filing No. 69 - Order.  The Order stated Blair could "file a properly supported motion to conduct limited discovery to address the issue of qualified immunity.  Any such motion must include specific facts the plaintiff seeks to uncover and how those facts relate to the qualified immunity defense."  *Id.*

On June 17, 2013, Blair filed the instant motion to conduct limited discovery to rebut evidence offered in support of McKeever's and Vondra's Motion for Summary Judgment.  **See** Filing No. 74 - Motion.  Blair argues he "should be allowed limited discovery based on the issue of qualified immunity in order to gather evidence to oppose defendants Vondra and McKeever's motion to stay discovery and their motion for summary judgment."  **See** Filing No. 74-1 - Brief p. 8.  Blair contends McKeever's and Vondra's affidavits in support of the Motion for Summary Judgment exclude information.  *Id.* at 1.  Blair alleges Vondra omitted Deputy County Attorney David Johnson's (Mr. Johnson) opening statement wherein Mr. Johnson stated "Plaintiff was riding in the passenger seat of a four door vehicle being driven by another party when Plaintiff allegedly kidnapped Patty Dory."  *Id.* at 2.  Blair argues Vondra's affidavit in support of the summary judgment motion does not address this omission and fails to address the following questions:  "That if she did not record the proceeding who did? That if she did not erase the anolog [sic] recorder who did?  That if the opening statemens [sic] was not recorded were plaintiff's right violated by the county with such policy, custom or practice?"  *Id.* at 2.  Blair asserts, in his affidavit attached to the instant motion, he was at the hearing and he heard the opening statements.  **See** Filing No. 76 - Blair Aff.

Blair alleges McKeever removed a portion of an officer's trial testimony, specifically McKeever removed "it appeared [Blair's] van had not been moved for quite some time."  *Id.* at 3.  Blair argues this information is relevant because, according to police reports, Blair used his van to kidnap the alleged victim.  *Id.*  Blair argues McKeever's affidavit in support of the summary judgment motion fails to address the

omission of the officer's trial testimony.  *Id.*  Blair also argues the affidavit failed to address a letter Blair sent to Judge Mary G. Likes on November 30, 1998, informing the court Blair believed a portion of the officer's testimony was removed from the transcript. *Id.*  Blair asserts, in his affidavit attached to the instant motion, he recalls the officer testifying about the van.  **See** Filing No. 76 - Blair Aff.

In addition to Blair's Motion to Conduct Limited Discovery to Address the Issue of Qualified Immunity, on June 18, 2013, Blair filed a motion to strike his own affidavit (Filing No. 74-3) because the affidavit is unsigned and to file exhibits inadvertently omitted in support of Blair's Motion to Conduct Limited Discovery to Address the Issue of Qualified Immunity.  **See** Filing No. 75.

## ANALYSIS

Blair has not identified specific facts that he seeks to uncover that relate to the qualified immunity defense.   Blair has not identified information, other than the information he already possesses,[1] needed to refute McKeever's and Vondra's affidavits.  Additionally, the questions[2] Blair raises regarding Vondra's affidavit, are not related to the issue of qualified immunity.  Blair's issues with McKeever's and Vondra's affidavits do not justify permitting limited discovery.  The proper course would have been to file a timely response to the Motion for Summary Judgment and provide evidence to contradict McKeever's and Vondra's affidavits.  Furthermore, Blair has not identified who he intends to serve with discovery requests or how he intends to proceed with discovery.  Blair's open-ended request to gather evidence unrelated to qualified immunity is insufficient for this court to allow Blair to conduct limited discovery.

McKeever and Vondra filed the Motion for Summary Judgment on May 17, 2013. Blair had until June 10, 2013, to respond to the motion.[3]  Blair did not file a response. Although not referenced, there may have been some confusion regarding deadlines after the court entered an order staying discovery.  Therefore, despite the fact Blair

---

[1]  **See** Filing No. 76 - Bill of Exceptions and a letter sent to Judge Mary G. Likes on November 30, 1998.

[2]  "That if [Vondra] did not record the proceeding who did?  That if she did not erase the anolog [sic] recorder who did?  That if the opening statemens [sic] was not recorded were plaintiff's right violated by the county with such policy, custom or practice?"  **See** Filing No. 74-1 - Brief p. 2.

[3]  **See** Civil Rules of the United States District Court for the District of Nebraska 7.1(b)(1)(B) and Fed. R Civ. P. 6.

failed to file a timely response, the court will permit Blair until June 25, 2013, to respond to McKeever and Vondra's Motion for Summary Judgment.

**IT IS ORDERED**:

1.      Blair's Motion to Strike Incorrect Affidavit and to File the Exhibits (Filing No. 75) is granted.

2.      Blair's Motion to Conduct Limited Discovery to Address the Issue of Qualified Immunity (Filing No. 74) is denied.

3.      Blair has until **June 25, 2013**, to respond to McKeever and Vondra's Motion for Summary Judgment (Filing No. 59).

Dated this 19th day of June, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge