## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN R. BLAIR,<br><br>             **Plaintiff,**<br><br>      **vs.**<br><br>**DOUGLAS COUNTY, a political subdivision existing and organized in the State of Nebraska, DONALD KLEINE, in his official capacity, STUART DORNAN, in his official capacity, JAMES JANSEN, in his official capacity, LORETTA VONDRA, in her individual and official capacities, MARY S. MCKEEVER, in her individual and official capacities, and DOUGLAS COUNTY COURT ADMINISTRATORS,**<br><br>            **Defendants.** | **8:11CV349**<br><br><br>**ORDER** |

This matter is before the court on the defendants'[1] Second Motion to Dismiss ([Filing No. 49]).[2]  The defendants filed a brief ([Filing No. 50]) in support of the motion. The plaintiff filed a brief ([Filing No. 64]) in opposition.  The defendants filed a brief ([Filing No. 67]) in reply.  The plaintiff also filed a Motion in Support of Third Amend (sic) Complaint ([Filing No. 79]) with a brief ([Filing No. 79-1]) and the proposed amended complaint ([Filing No. 79-2]) attached.

## BACKGROUND

### A.    Arrest and Conviction

The following facts are alleged in Blair's First Amended Complaint and are contested by the defendants.  On May 12, 1997, at 5:00 p.m., the plaintiff, Steven R. Blair (Blair), was arrested at his home for the assault and kidnapping of Patty Dory (Dory).  **See** [Filing No. 28] - First Amended Complaint p. 2-19.  As the officers led Blair away from his home, Blair witnessed officers enter and search his home.  ***Id.*** at 11. After searching the home for approximately thirty minutes, the officers removed a 12-

---

[1]    Douglas County, Donald Kleine, Stuart Dornan, James Jansen, and Douglas County Court Administrators (collectively Douglas County) are the moving defendants in this motion.

[2]    The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  **See** Filing Nos. [36] and [70].

gauge shotgun from Blair's home and transported Blair to Omaha Police Headquarters. *Id.* Blair was kept "incommunicado" for six hours until he was taken into an interview room. *Id.* While Blair was held incommunicado Dory, Detective Anderson, and Lori Anzaldo (Anzaldo), met at 6:00 p.m. to manufacture a story to justify Blair's arrest. *Id.* at 12. Detective Anderson instructed Dory and Anzaldo to call 911 to report Blair assaulted Dory. *Id.* Documents from Omaha 911 Communications Center shows Dory called 911 at 6:32 p.m. on May 12, 1997. *Id.* Detective Anderson and other officers involved filed false police reports detailing Blair's arrest. *Id.* The police reports documented two different kidnapping stories. *Id.* at 15.

Blair's First Amended Complaint further alleges that in June 1997, the Douglas County Attorney's Office (DCAO) maliciously filed charges against Blair. *Id.* at 12-13. The DCAO was aware of Blair's unlawful arrest but chose to follow its customs, policies, and practices and prosecute Blair to insulate the City of Omaha and Douglas County from liability for violating Blair's civil rights. *Id.* at 13. On July 2, 1997, during a preliminary hearing, the prosecuting attorney in an opening statement alleged "BLAIR was riding in the passenger seat of a four door vehicle being driven by another party when he allegedly kidnapped Dory. That BLAIR and the other party followed Dory in her vehicle back to BLAIR's residence where she was held captive and physically assaulted for some 16 hours." *Id.* at 14. However, Douglas County Court (DCC) Reporter Loretta Vondra (Vondra) intentionally destroyed the opening statements to deny Blair a complete record of the proceeding in accordance with a conspiracy to deny Blair a fair trial. *Id.* Blair plead not guilty during the preliminary hearing. *Id.* at 15.

Blair's First Amended Complaint additionally alleges that on April 13, 1998, Blair's criminal trial began. *Id.* at 16. The DCAO solicited, manufactured, and presented false evidence to coincide with false police reports. *Id.* The DCAO willfully, recklessly, and intentionally withheld Dory's medical and telephone records, which would contradict the manufactured evidence. *Id.* During trial the DCAO threatened Blair's key witnesses with a nonexistent arrest warrant in order to violate Blair's right to call witnesses. *Id.* at 24. Additionally, during trial DCC Reporter Mary S. McKeever (McKeever) intentionally removed a witnesses' statement from the trial record to deny Blair a complete record of the proceeding in accordance with a conspiracy to deny Blair a fair trial. *Id.* at 22. On June 16, 1998, Blair was convicted of kidnapping, terroristic

2

threats, and use of a weapon to commit a felony. *Id.* at 16. Blair was sentenced to ten to fifteen years' imprisonment for the kidnapping, three to five years' imprisonment for the use of a deadly weapon to commit a felony, to run consecutively, and four to five years' imprisonment for the terroristic threats, to run concurrently with the other two sentences. *Id.*

**B.     State Court Post-Conviction Proceedings**

On April 27, 1998, Blair filed a motion for a new trial. *Id.* The Nebraska Court of Appeals affirmed Blair's conviction and sentence on March 31, 1999. *Id.* Subsequently, Blair filed an amended motion to set aside his conviction and sentence. *Id.* On August 11, 2003, the Douglas County District Court "set aside the judgment of conviction and Blair's sentencing, and the court ordered a new trial." *Id.* The Douglas County District Court concluded Blair "sustained his burden of proof as to his allegation that he was rendered ineffective assistance of counsel." *Id.* The State attempted to appeal the postconviction judgment, but, in a decision on November 15, 2005, the Nebraska Court of Appeals dismissed the State's appeal for lack of jurisdiction. *Id.*; *State v. Blair*, 707 N.W.2d 8, 9 (Neb. Ct. App. 2005).

**C.     First Federal Lawsuit[3]**

On April 3, 2001, Blair filed his first lawsuit in this court relating to his May 12, 1997, arrest. **See** Filing No. 1 - Complaint in Case No. 4:01CV3065. Blair sued several officers and alleged they violated his Fourth Amendment rights when the officers arrested Blair and searched his residence without probable cause. *Id.*

On June 26, 2001, United States Magistrate Judge Kathleen A. Jaudzemis (Magistrate Judge Jaudzemis) conducted an initial review of Blair's complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires a court to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate. **See** Filing No. 5 - Order in Case No. 4:01CV3065. Magistrate Judge Jaudzemis concluded the holding of *Heck v. Humphrey* barred Blair's claims. *Id.*; *see Heck v. Humphrey*, 512 U.S. 477 (1994). However, Magistrate Judge Jaudzemis gave Blair leave to file an amended complaint to

---

[3]     Blair filed several lawsuits in this court. However, two of the actions, Case Nos. 8:05CV31 and 8:07CV307, which were dismissed without prejudice, are unrelated to his current federal lawsuit and will not be discussed.

ascertain whether Blair's state conviction was invalidated. *Id.* Blair filed an amended complaint on July 5, 2001. **See** Filing No. 6 - Amended Complaint in Case No. 4:01CV3065. Magistrate Judge Jaudzemis reviewed the Amended Complaint and recommended Blair's Amended Complaint be dismissed because Blair had not shown he received a favorable outcome in postconviction proceedings as contemplated by *Heck*. **See** Filing No. 7 - Report and Recommendation in Case No. 4:01CV3065. On November 16, 2001, District Judge Richard G. Kopf (Judge Kopf) adopted Magistrate Judge Jaudzemis' Report and Recommendation and dismissed Blair's Amended Complaint. **See** Filing Nos. 10 - Memorandum and Order; 11 - Judgment in Case No. 4:01CV3065.

Blair filed a notice of appeal on December 11, 2001. **See** Filing No. 12 - Appeal in Case No. 4:01CV3065. On July 23, 2002, the Eighth Circuit United States Court of Appeals affirmed this court's dismissal of Blair's action. **See** Filing No. 24 - Eighth Circuit Judgment in Case No. 4:01CV3065.

## D.   Second Federal Lawsuit

On June 25, 2004, Blair filed his second federal lawsuit in this court relating to his May 12, 1997, arrest. **See** Filing No. 1 - Complaint in Case No. 4:04CV3229. Blair filed his complaint against the same police officers as in Blair's first federal lawsuit (Case No. 4:04CV3065) and added defendants and claims. *Id.* In addition to his Fourth Amendment claims, Blair alleged conspiracy, malicious prosecution, abuse of process, and false imprisonment. *Id.*

On July 26, 2006, Judge Kopf stayed Blair's second federal lawsuit. **See** Filing No. 57 - Memorandum and Order in Case No. 4:04CV3229. Judge Kopf noted:

> The parties acknowledge that the principles expressed in **Heck v. Humphrey**, 512 U.S. 477 (1994), barred the plaintiff from bringing this civil rights action before August 11, 2003, when he achieved a favorable outcome in his postconviction action. That is because until he prevailed on postconviction review, the plaintiff could not, through an action under § 1983, cast doubt on the validity of his confinement until his conviction had first been invalidated or overturned in a state proceeding or through a federal writ of habeas corpus. The decision in **Heck v. Humphrey** barred the plaintiff from litigating in a civil rights action his claims that the defendants had wrongfully procured his conviction.

4

*Id.* Judge Kopf further noted, even though the Douglas County District Court invalidated Blair's conviction, Blair's criminal case was pending, in that he had not yet been retried, thus Blair had not obtained a final favorable outcome in his criminal case. *Id.* On August 21, 2006, Judge Kopf dismissed without prejudice Blair's case and granted Blair leave to reopen the case "upon completion of the criminal proceedings in the state courts." **See** Filing No. 59 - Memorandum and Order in Case No. 4:04CV3229.

### E.    Third Federal Lawsuit

On August 3, 2007, Blair filed his third federal lawsuit in this court relating to his May 12, 1997, arrest. **See** Filing No. 1 - Complaint in Case No. 8:07CV295. Blair filed his complaint against the same police officers as in Blair's first and second federal lawsuits (Case Nos. 4:04CV3065 and 4:04CV3229) and added defendants and claims. *Id.* On October 16, 2007, District Judge Joseph F. Bataillon (Judge Bataillon) noted Blair previously brought similar claims in this court against many of the same defendants. **See** Filing No. 6 - Memorandum and Order in Case No. 8:07CV295. *Id.* Judge Bataillon ordered Blair "to explain how the circumstances have changed since the dismissal of the two previous lawsuits." *Id.*

On January 25, 2008, Blair filed a brief explaining his change in circumstances. **See** Filing No. 14 - Brief in Case No. 8:07CV295. Blair explained he was unconditionally released from prison on December 14, 2005. *Id.* Further, Blair explained the Nebraska Court of Appeals, affirmed by the Nebraska Supreme Court, declared his postconviction proceedings were moot on November 1, 2007. *Id.* Lastly, Blair explained the DCAO dismissed criminal proceedings against Blair on January 15, 2008. *Id.* On July 1, 2008, Judge Bataillon concluded Blair's criminal proceedings were complete and allowed Blair to obtain service of process on the defendants. **See** Filing No. 15 - Memorandum and Order in Case No. 8:07CV295.

Blair named Douglas County as one of the defendants in Blair's third federal lawsuit. **See** Filing No. 16 - Amended Complaint in Case No. 8:07CV295. On November 21, 2008, Douglas County filed a Motion to Dismiss. **See** Filing No. 89 - Motion in Case No. 8:07CV295. On April 15, 2009, Judge Bataillon dismissed the claims against Douglas County without prejudice because Blair did not sufficiently

allege a claim against Douglas County.  **See** Filing No. 169 - Memorandum and Order in Case No. 8:07CV295.

On August 5, 2009, several defendants filed a joint motion for summary judgment.  **See** Filing No. 235 - Defendants' Motion in Case No. 8:07CV295.  In an order dismissing all but Blair's Fourth Amendment claims against certain officers, Judge Bataillon discussed the statute of limitations issue.  **See** Filing No. 282 - Memorandum and Order in Case No. 8:07CV295.  Judge Bataillon interpreted Blair's argument, based on the principles of *Heck*, as an argument for equitable tolling.  *Id.* at 10.  Judge Bataillon noted Blair was required to file his Fourth Amendment claims by May 12, 2001.  *Id.*  However, Judge Bataillon determined Blair pursued his rights diligently and "the court has prevented him from resolving his claims as it has twice determined that they were barred by *Heck*."  *Id.* at 11.  Therefore, Judge Bataillon concluded the statute of limitations was equitably tolled with respect to Blair's Fourth Amendment claims.  *Id.*

On March 14, 2011, Blair filed an Acceptance of Rule 68 Offer.  **See** Filing No. 406 - Acceptance in Case No. 8:07CV295.  On April 4, 2011, this court dismissed Blair's action pursuant to the parties' Joint Stipulation for Dismissal.  **See** Filing Nos. 416 - Joint Stipulation; 417 - Order in Case No. 8:07CV295.  Subsequently, Blair appealed the Order adopting the Joint Stipulation.  **See** Filing No. 425 - Notice of Appeal in Case No. 8:07CV295.  The United States Court of Appeals for the Eighth Circuit affirmed this court's dismissal.  **See** Filing No. 436 - Eighth Circuit Judgment in Case No. 8:07CV295.

**F.   Current Federal Lawsuit**

On October 7, 2011, Blair filed the instant action, *pro se*.  **See** Filing No. 1 - Complaint.  Blair filed his complaint against Douglas County, Donald Kleine (Kleine), Stuart Dornan (Dornan), James Jansen (Jansen), Jane and John Doe DCC Reporters (DCC Reporters), and DCC Administrators (DCC Administrators).  *Id.*  Blair alleges he was wrongfully convicted of kidnapping, terroristic threats, and use of a weapon to commit a felony.  *Id.*  Specifically, Blair alleges:  1) Douglas County officials concealed medical evidence from the defense that, if provided, would have exonerated Blair; 2) Douglas County prosecutors presented testimony at trial they knew to be false; and 3) DCC Reporters failed to provide a complete and accurate transcript of the trial proceedings and destroyed recordings of the proceedings.  *Id.*  Blair also alleges

numerous Douglas County policies and practices led to his unlawful arrest, conviction, and detention.  *Id.*  Blair alleges the defendants' unlawful acts occurred between May 12, 1997, and January 15, 2008.  *Id.*  Blair seeks monetary damages in the amount of $30,000,000.00.  *Id.*

Also on October 7, 2011, Blair filed a Motion to Proceed In Forma Pauperis.  **See** Filing No. 2.  On November 28, 2011, District Judge Laurie Smith Camp provisionally granted Blair's motion to proceed *in forma pauperis*.  **See** Filing No. 6 - Order.  Judge Bataillon subsequently conducted an initial review of Blair's complaint pursuant to 28 U.S.C. § 1915(e)(2).  **See** Filing No. 8 - Memorandum and Order.  Judge Bataillon dismissed Blair's claims against Kleine, Dornan, and Jansen because Blair did "not allege any specific acts committed by these individuals."  *Id.* at 3.  Judge Bataillon also noted, "even if Blair had alleged specific acts by Kleine, Dornan, and Jansen, as prosecutors they are likely entitled to immunity from suit."  *Id.* (**citing *Schenk v. Chavis***, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are intimately associated with the judicial process.") (internal citation omitted)).

Judge Bataillon assumed DCC Reporters and DCC Administrators were sued in their official capacities as Blair did not specify the capacity in which these individuals were sued.  *Id.* at 4.  Therefore, Judge Bataillon construed Blair's claims against such defendants as claims against Douglas County because a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Id.* (**citing *Johnson v. Outboard Marine Corp.***, 172 F.3d 531, 535 (8th Cir. 1999)).  Judge Bataillon concluded Blair "alleged sufficient facts to 'nudge' his claims against Douglas County across the line from conceivable to plausible under the [***Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis County***, 901 F.2d 642, 645 (8th Cir. 1990)] standard."  *Id.* at 5.  Judge Bataillon noted the January 26, 2012, Memorandum and Order was "only a preliminary determination based solely on the allegations of the Complaint and is not a determination of the merits of Blair's claims or potential defenses thereto."  *Id.*

On June 14, 2012, the remaining defendants filed a motion to dismiss.  **See** Filing No. 17.  Blair subsequently obtained counsel.  **See** Filing No. 19 - Notice of

Appearance.  Blair filed a brief in opposition to the defendants' motion to dismiss and requested leave to amend his complaint.  **See** Filing No. 24 - Blair's Opposition p. 9.  On October 16, 2012, Judge Bataillon granted Blair leave to amend the complaint and denied the defendants' motion to dismiss without prejudice to refiling.  **See** Filing No. 25 - Memorandum and Order.

On November 20, 2012, Blair filed a First Amended Complaint.  **See** Filing No. 28 - First Amended Complaint.  Blair filed the First Amended Complaint against Douglas County, Kleine, Dornan, Jansen, DCC Reporters, and DCC Administrators (collectively Douglas County).  **Id.**  Blair also named as defendants DCC Reporters Vondra and McKeever.  **Id.**  Blair generally alleges the defendants solicited, fabricated, and manufactured false evidence, specifically testimony, inconsistent with Omaha Police Department officers' reports, 911 calls, photographs, and the alleged victim's statements.  **Id.** at 1-8.  Blair alleges the defendants willfully and recklessly ignored numerous inconsistencies in the facts of Blair's case.  **Id.**

Blair alleges three counts against the defendants.  **Id.** at 19-43.  In Blair's first count, Blair alleges malicious prosecution, false imprisonment, use of fraudulent police reports, and procurement of unreliable and fabricated evidence and testimony.  **Id.** at 19-20.  Blair alleges the DCAO tendered knowingly false testimony, failed to disclose exculpatory evidence, and impeded Blair's right to call witnesses.  **Id.** at 20-27.  Blair also alleges McKeever intentionally removed witnesses' statements in accordance with a plan to deprive Blair of a fundamentally fair trial.  **Id.** at 22.

In Blair's second count, Blair alleges the defendants conspired to deprive Blair of his constitutional rights.  **Id.** at 28-29.  Blair alleges the defendants deliberately solicited false statements, fabricated and manufactured evidence that did not exist, and coerced witnesses to provide false evidence.  **Id.** at 28.

In Blair's third count, Blair alleges the defendants committed various violations. **Id.** at 29-43.  Blair generally alleges several ***Monell v. Dep't of Soc. Servs. of City of New York***, 436 U.S. 658 (1978) claims against Douglas County for enforcing a policy, practice, and custom of failing to investigate crimes adequately, fabricating evidence, withholding evidence, discriminating based on race, tampering with witnesses, failing to discipline county attorneys, and conspiring to obtain wrongful convictions.  **Id.** at 30-43.

Blair also alleges the DCAO failed to train and supervise its deputy county attorneys, which led to obvious **Brady v. Maryland**, 373 U.S. 83 (1963) violations. **Id.** at 30-32.

On February 5, 2013, Douglas County filed its first Motion to Dismiss. **See** Filing No. 34. Douglas County listed six grounds for dismissal; however, Douglas County only addressed one ground for dismissal and reserved arguments on the remaining grounds for future briefing. **Id.** Douglas County argued Blair's complaint should have been dismissed because the applicable four-year statute of limitations barred Blair's claims. **Id.** On April 1, 2013, this court denied Douglas County's first Motion to Dismiss because Blair timely filed his claims against the defendants. **See** Filing No. 48 - Order.

On April 15, 2013, Douglas County filed the Second Motion to Dismiss. **See** Filing No. 49 - Motion. Douglas County argues:  1) Blair failed to state a claim upon which relief can be granted; 2) Blair failed to allege sufficient facts to show a municipal policy or custom led to Blair's injuries; 3) Blair had a full and fair opportunity to litigate the same issues; 4) Blair is not entitled to damages under 42 U.S.C. § 1983; and 5) Blair has not properly served John or Jane Doe DCC Administrators pursuant to Federal Rule of Civil Procedure 4. **Id.**

## ANALYSIS

### A.      Second Motion to Dismiss

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).  "Dismissal under Rule 12(b)(6) is appropriate if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations."  **O'Neal v. State Farm Fire & Cas. Co.**, 630 F.3d 1075, 1077 (8th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  **U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.**, 690 F.3d 951, 955 (8th Cir. 2012) (**quoting Ashcroft v. Iqbal**, 556 U.S.

9

662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In applying these standards, the court must "accept as true the factual allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party."  *Mathers v. Wright*, 636 F.3d 396, 397 (8th Cir. 2011).  Lastly, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotation omitted).

### 1.    Waiver

As a preliminary matter, the court will address Blair's argument that Douglas County waived its arguments in a prior motion to dismiss.  **See** Filing No. 64 - Response p. 7-8.  Douglas County argues it has not waived any of its arguments in the prior Motion to Dismiss.  **See** Filing No. 67 - Reply p. 2.  Douglas County initially filed a motion to dismiss on February 5, 2013.  **See** Filing No. 34 - Motion to Dismiss.  Douglas County listed six grounds for dismissal, however Douglas County only briefed the court on the statute of limitations argument.  **See** Filing No. 35 - Brief in support of Motion to Dismiss.  Douglas County requested leave to address the remaining grounds for dismissal, if necessary, in subsequent briefing.  *Id.*  In the court's ruling on Douglas County's first Motion to Dismiss, the court acknowledged Douglas County's reservation to reassert the remaining grounds for dismissal in subsequent briefing.  **See** Filing No. 48 - Order.  After denying Douglas County's first Motion to Dismiss, on the limited grounds the statute of limitations did not bar Blair's claims, the court allowed Douglas County to file a second motion to dismiss.  *Id.*  The court finds Douglas County therefore did not waive its arguments and permissibly filed a second motion to dismiss.

However, in Douglas County's Second Motion to Dismiss, Douglas County argues Blair is not entitled to damages under 42 U.S.C. § 1983 as one of the grounds for dismissal.  **See** Filing No. 49 - Second Motion to Dismiss.  Douglas County did not address this argument in their brief.  Therefore, Douglas County's Second Motion to Dismiss on the basis that Blair is not entitled to damages is denied.

### 2.    Res judicata

Douglas County argues the doctrine of res judicata precludes Blair from bringing this action against Douglas County because Blair had a fair opportunity to litigate these same issues against Douglas County in a prior lawsuit.  **See** Filing No. 50 - Brief p. 12. Blair argues his prior claim against Douglas County was dismissed without prejudice and therefore Douglas County was not dismissed on the merits.  **See** Filing No. 64 - Response p. 23-24.  The doctrine of res judicata precludes litigation of a subsequent claim because of a determination reached in an earlier lawsuit when the following five elements are satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.  Furthermore, the party against whom res judicata is asserted must [ (5) ] have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009) (alteration in original).

Blair previously filed suit against Douglas County in 2007.  **See** Filing No. 16 - Amended Complaint in Case No. 8:07CV295.  On November 21, 2008, Douglas County filed a Motion to Dismiss.  **See** Filing No. 89 - Motion in Case No. 8:07CV295.  On April 15, 2009, Judge Bataillon dismissed the claims against Douglas County without prejudice because Blair did not sufficiently allege a claim against Douglas County.  **See** Filing No. 169 - Memorandum and Order in Case No. 8:07CV295.  Consequently, the court's dismissal of Blair's claims against Douglas County in Case No 8:07CV295 was not a final judgment on the merits and res judicata does not apply.  **See** *Rosemann v. Roto-Die, Inc.*, 276 F.3d 393, 398 (8th Cir. 2002) (reasoning dismissal without prejudice resulted in a non-final disposition that did not create res judicata bar).  Therefore, Douglas County's Second Motion to Dismiss on the basis of res judicata is denied.

### 3.    Douglas County Court Administrators

Douglas County argues to the extent Blair intends to sue DCC Administrators in their individual capacity, Blair has failed to serve the DCC Administrators.  **See** Filing No. 50 - Brief p. 2.  Additionally, Douglas County contends there are no specific

allegations against DCC Administrators to support a plausible claim.  *Id.*  Blair argues Douglas County's argument that Blair has failed to serve or make specific allegations against DCC Administrators is without merit because he has until June 10, 2013, to serve or amend his complaint against DCC Administrators.[4]  **See** Filing No. 64 - Response p. 1.  Blair admits he omitted allegations against DCC Administrators and will include facts in an amended complaint which will entitle Blair to relief.  *Id.* at 23.

Blair timely filed a motion to amend the First Amended Complaint to name Frank E. Goodroe (Goodroe), a DCC Administrator, as a defendant.  **See** Filing No. 71 - Consolidated Motion for Leave to Add/Substitute Parties and Amend Complaint. Assuming this court grants Blair leave to file a second amended complaint, Blair will have to opportunity to serve Goodroe and therefore render Douglas County's argument that Blair failed to properly serve a DCC Administrator moot.  Because Blair includes his allegations against Goodroe in Blair's proposed amended complaint,[5] the court will review the complaint to determine whether Blair stated a claim upon which relief can be granted.

In Blair's proposed amended complaint, Blair alleges Goodroe "violated state law set forth under the Nebraska Post-Conviction Act Neb. Rev. Stat. 29-3001(2) because Frank Goodroe let [Blair's] case sit for more than [three] years."  **See** Filing No. 79-2 - Third Amended Complaint p. 8.   Blair alleges Goodroe was responsible for case progression pursuant to Rule 4-10[6] and violated Blair's rights by:

> intentionally soliciting false testimony of police officers, intentionally presenting false evidence in criminal proceedings, intentionally failing to properly investigate serious crimes, intentionally failing to turn over exculpatory

---

[4]  On June 10, 2013, Blair filed a motion to amend the complaint and attached a proposed amended complaint.  **See** Filing No. 71 - Consolidated Motion for Leave to Add/Substitute Parties and Amend Complaint.  Blair seeks to add DCC Administrator Frank E. Goodroe as a defendant.  However, because Blair's motion did not comply with NECivR 15.1, Blair's motion to amend was held in abeyance pending compliance with the local rules.  **See** Filing No. 73 - Order.  On June 24, 2013, Blair filed a Motion in Support of Third Amend (sic) Complaint and attached a proposed amended complaint indicating the proposed changes in bold.  **See** Filing Nos. 79 and 79-2.  Blair represents all defendants oppose the filing of an amended complaint.  **See** Filing No. 79.

[5]  Blair improperly titles the proposed amended complaint the "Third Amended Complaint and Demand for Jury Trial."  **See** Filing No. 79-2.  Although this would be Blair's third complaint in this case, remaining consistent with Blair's titling, the complaint would be a "Second Amended Complaint."  **See** Filing No. 28 - First Amended Complaint.

[6]  Although Blair did not provide a citation for Rule 4-10, the court assumes Blair is referring to District Court Local Rules, District 4, Rule 4-10. Case Progression.  **See** http://supremecourt.ne.gov/external-court-rules/4179/rule-4-10-case-progression.

evidence under **Brady v. Maryland**, intentionally failing to transcribe complete and accurate testimony during court proceedings by omitting testimony damaging to the prosecutor[']s case, failing to preserve the official transcript of preliminary hearings, failing to follow court rules for case progression and failing to properly train and supervise them.

**Id.** at 2-3, 50.

Assuming Blair is allowed to amend his complaint and Blair properly serves Goodroe, Blair fails to state a claim upon which relief can be granted against Goodroe. Rule 4-10 provides:

> Case Progression Standards. Progress of all cases shall comply with the Case Progression Standards established by the Nebraska Supreme Court.  In all civil cases, the District Court Administrator shall give notice by mail to each party that, within thirty (30) days from the date of the notice, a Proposed Scheduling Order must be submitted to the Court Administrator's Office.  If a Proposed Scheduling Order has not been filed within the prescribed time, the case shall be dismissed by the presiding judge.

**See** District Court Rules, District 4, Rule 4-10. Case Progression.  Rule 4-10 only required Goodroe to mail notice to the parties to submit a proposed scheduling order. **See id.**  Rule 4-10 did not require Goodroe to progress a plaintiff's case.  Blair does not allege Goodroe failed to "give notice."  Even assuming Blair alleged Goodroe failed to provide notice to the parties, Blair has failed to state a claim upon which relief may be granted.  Blair cannot blame Goodroe for Blair's own failure to prosecute his post-conviction proceedings.   Therefore, Blair's claims against Goodroe and DCC Administrators are dismissed with prejudice.


### 4.    Donald Kleine, Stuart Dornan, and James Jansen

Douglas County asserts the claims against Kleine, Dornan, and Jansen were already dismissed in the court's January 26, 2012, Order.  **See** Filing No. 50 - Brief p. 2; Filing No. 8 - January 26, 2012, Order ("Because Blair failed to allege that [Kleine], Dornan, and Jansen were personally involved in violating his constitutional rights, Blair's Complaint fails to state a claim upon which relief may be granted against them.").  Therefore  Douglas County argues this court should similarly dismiss Kleine, Dornan, and Jansen because there are no specific allegations against Kleine, Dornan, and

Jansen in the First Amended Complaint.  **See** Filing No. 50 - Brief p. 2.  Blair argues the claims against Kleine, Dornan, and Jansen were dismissed prematurely on initial review thwarting Blair's right to discovery to ascertain how Kleine, Dornan, and Jansen violated Blair's constitutional rights.  **See** Filing No. 64 - Response p. 1.

Prosecutors such as Kleine, Dornan, and Jansen "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are intimately associated with the judicial process."  ***Winslow v. Smith***, 696 F.3d 716, 739 (8th Cir. 2012).  "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."  ***Brodnicki v. City of Omaha***, 75 F.3d 1261, 1266 (8th Cir. 1996) (**citing** ***Buckley v. Fitzsimmons***, 509 U.S. 259, 271-72 (1993) and ***Imbler v. Pachtman***, 424 U.S. 409, 430-31 n.33 (1976)).  "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question."  ***Winslow***, 696 F.3d at 739 (alternation in original) (**citing** ***Burns v. Reed***, 500 U.S. 478, 486 (1991)).

In Blair's First Amended Complaint, Kleine, Dornan, and Jansen are named only in their official capacities in the case caption and the section identifying the parties.  **See** Filing No. 28 - First Amended Complaint p. 1, 9.  Blair does not make any specific allegations against Kleine, Dornan, and Jansen.  Therefore Blair fails to state a claim upon which relief may be granted against these defendants.  Additionally, the court will not permit Blair to embark upon a fishing expedition in hopes that he may be able to support his claims at some point in the future.  **See *Freeman v. Bechtel Constr. Co.***, 87 F.3d 1029, 1032 (8th Cir. 1996) (reasoning the plaintiffs' "allegations were made without supporting facts in the hope that they would be permitted to embark upon a classic fishing expedition" during discovery).  The court has given Blair ample opportunity with counsel to amend the complaint to sufficiently allege a claim against these defendants.  Accordingly, Kleine, Dornan, and Jansen are dismissed with prejudice from this action.

### 5. Douglas County

Douglas County argues Blair's first cause of action, wherein Blair's alleges state law claims against Douglas County for the intentional torts of malicious prosecution, false imprisonment, use of fraudulent police reports, and procurement of unreliable and fabricated evidence, should be dismissed because Douglas County is exempt from liability. **See** Filing No. 50 - Response p. 4-5. Douglas County argues Neb. Rev. Stat. § 13-910(7) exempts liability for intentional torts. *Id.* (**citing** Neb. Rev. Stat. § 13-910(7) ("The Political Subdivisions Tort Claims Act . . . shall not apply to: (7) Any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]")). *Id.* at 5. Douglas County also argues to the extent Blair alleges federal law claims under his first and third causes of action, Blair has failed to state a claim upon which relief can be granted. *Id.* at 5-6, 10-11. Douglas County argues it may be liable only under § 1983 if its policy or custom caused a violation of Blair's rights. *Id.* at 6. Douglas County asserts Blair does not provide sufficient facts to show a policy or custom caused the alleged violations of Blair's rights. *Id.* Douglas County contends Blair merely uses labels and conclusory statements to support Blair's claims and does not provide any facts showing Douglas County or its officials had a pattern of unconstitutional misconduct. *Id.* at 6-8, 10-11. Lastly, Douglas County asserts Blair has failed to state a plausible claim for conspiracy. *Id.* at 8. Douglas County argues Blair's allegations of conspiracy are conclusory statements lacking factual support. *Id.* at 9.

Blair argues the court should deny Douglas County's motion because Blair's original complaint "passed the Court's muster on initial review" and any changes in the First Amended Complaint were to the "style and not to the allegations." **See** Filing No. 64 - Response p. 1-2. Blair argues his First Amended Complaint, read liberally, alleges violations under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments and therefore are not intentional torts barred by Neb. Rev. Stat. § 13-901. *Id.* at 9-14. Blair argues Neb. Rev. Stat. § 13-901 does not exempt Douglas County from suit for denying Blair access to a fair trial, due process, equal protection, and the right to call witnesses. *Id.*

Blair argues he sufficiently alleges the defendants conspired among themselves to deprive Blair of his constitutional rights to:

> free association and privacy, to be free from unreasonable arrest and seizure, to be free from[ ] wrongful imprisonment and punishment, to be free from malicious prosecution and abuse of process, to fair access to the courts, to effective assistance of competent counsel, to due process of law, and to be free from cruel and unusual punishment.

*Id.* at 18.   Blair contends he set forth each allegation of the conspiracy in the First Amended Complaint.   *Id.* at 19.   Blair argues there were too many overt acts and instances where Blair's constitutional rights were violated for a premeditated plan not to have existed.   *Id.* at 20.   Lastly, Blair argues he is not required to plead the specific existence of an unconstitutional policy or custom.   *Id.*   However, Blair states he will set forth allegations that show a pattern of constitutional misconduct existed in a newly amended complaint.   *Id.* at 21-22.

In reply, Douglas County argues Blair fails to make a proper distinction between the review of a *pro se* complaint and a complaint prepared by counsel.   **See** Filing No. 67 - Reply p. 1.   Douglas County argues Blair's First Amended Complaint should not be reviewed under the liberal *pro se* pleading standards.   *Id.*   Douglas County maintains any state law claims identified as an intentional tort must be dismissed pursuant to Neb. Rev. Stat. § 13-901(7) and any alleged constitutional claims should also be dismissed for a failure to state a plausible claim.   *Id.* at 3.   Douglas County contends Blair merely uses legal conclusions to state his rights were violated.   *Id.*   Douglas County asserts no reasonable inference can be drawn from Blair's allegations to support a plausible claim against Douglas County for conspiracy.   *Id.*   Douglas County also argues Blair improperly includes new facts in his brief and admits to omitting facts from the complaint which demonstrate Blair failed to state plausible claims.   *Id.* at 4-5.

### a.    Count I

In count one, Blair alleges malicious prosecution, false imprisonment, use of fraudulent police reports, and procurement of unreliable and fabricated evidence and testimony.   **See** Filing No. 28 - First Amended Complaint p. 19-27.   "Section 1983 only provides a remedy for violations of rights expressly secured by federal statutes or the

Constitution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). "The Constitution does not mention malicious prosecution. . . . [The Eighth Circuit] and other circuits are uniform in holding that malicious prosecution by itself is not punishable under section 1983 because it does not allege a constitutional injury." *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). Nonetheless, "malicious prosecution can form the basis for a section 1983 action only if the defendants' conduct also infringes some provision of the Constitution or federal law. [A defendant's] malicious prosecution claim may be taken to argue a procedural due process violation." *Id.* "Procedural due process prohibits state authorities from depriving a person of life, liberty, or property without conforming to constitutionally required procedures." *Id.* After wading through Blair's First Amended Complaint and proposed amended complaint and drawing all reasonable inferences in Blair's favor, Blair's first count can be construed to allege procedural due process violations. Therefore, to the extent Blair alleges procedural due process violations, Douglas County's Second Motion to Dismiss as to count one is denied. However, to the extent Blair alleges any state law claims for malicious prosecution, false imprisonment, use of fraudulent police reports, and procurement of unreliable and fabricated evidence and testimony, those claims are dismissed. **See** Neb. Rev. Stat. § 13-910(7) (The Nebraska Political Subdivision Tort Claims Act does not apply to "[a]ny claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.").

### b.    Count II

In Blair's second count, Blair alleges Douglas County conspired to deprive Blair of his constitutional rights. **See** Filing No. 28 - First Amended Complaint p. 28. Blair alleges Douglas County committed overt acts culminating in Blair's wrongful arrest, prosecution, and incarceration. *Id.* To establish a prima facie conspiracy claim, Blair "must show: that the defendant[s] conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). Additionally, Blair is required to prove "a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil

17

conspiracy claim." *Id.* "Evidence of an agreement to deprive [a] plaintiff of constitutionally guaranteed rights typically is circumstantial." ***Livers v. Schenck***, 700 F.3d 340, 361 (8th Cir. 2012) (alteration in original) (internal quotation omitted).

Blair generally alleges the defendants conspired to arrest Blair, search his residence, and prosecute and convict Blair with manufactured evidence. **See** Filing No. 28 - First Amended Complaint p. 2-19. Blair alleges officers arrested Blair without reasonable suspicion or probable cause and unconstitutionally searched his residence. *Id.* at 10-11. Blair alleges the purported victim subsequently created a story, pursuant to Detective Anderson's instruction, to justify Blair's arrest. *Id.* at 12. Blair alleges officers then prepared false reports regarding his arrest to comport with the false story. *Id.* Blair alleges the DCAO prosecuted Blair consistent with the manufactured evidence for the primary purpose to sentence Blair to prison. *Id.* at 13-15. Additionally, Blair alleges the DCAO withheld evidence and prevented Blair from calling a witness. *Id.* Further, Blair alleges DCC Reporters destroyed a recording containing opening statements made during a preliminary hearing and testimony during trial to deny Blair a complete record of the proceedings in accordance with a conspiracy to deny Blair a fair trial. *Id.*

Blair's argument that there are too many overt acts for a premeditated plan not to have existed is not convincing. Nevertheless, drawing all reasonable inferences in Blair's favor, the court finds Blair alleges facts that could be sufficient to show an agreement existed to violate Blair's constitutional rights and individuals performed acts in furtherance of a conspiracy. Therefore, at this stage of the proceedings, Blair's second count for conspiracy in Blair's First Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." **See *Iqbal***, 556 U.S. at 678 (internal quotation omitted).

### c. Count III

In Blair's third count, Blair generally alleges the defendants committed various violations pursuant to numerous policies and practices that led to his unlawful arrest, conviction, and imprisonment. **See** Filing No. 28 - First Amended Complaint p. 29-43. In response to the defendants' Second Motion to Dismiss, Blair consistently stated he will address any alleged deficiencies in his complaint in an amended complaint. **See**

18

Filing No. 64 - Response p. 21-23 (i.e., "BLAIR will set forth those allegations in his Second Amended Complaint which proves that Douglas County [sic] which he intends on filing before June 10, 2013.").   Therefore, the court will review Blair's proposed amended complaint.  **See** Filing No. 79-2 - Third Amended Complaint.

The most noticeable addition in Blair's proposed amended complaint, is Blair's allegation he "obtained the legal filing from JUSTICE Case Management System and after a short search discovered the exact or similar misconduct in which he complains. BLAIR's search was not complete at the drafting of this amended complaint."  **See** Filing No. 79-2 - Third Amended Complaint p. 38.  Blair names numerous cases wherein individuals, unrelated to this case, filed claims against Douglas County for alleged constitutional violations.  **Id.** at 38-39.  Blair argues these cases show Douglas County has a widespread pattern of misconduct.  **Id.**  Blair alleges "[u]pon completion of discovery the pattern of misconduct will be unquestionable."  **Id.** at 39.

"To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."  **Moyle v. Anderson**, 571 F.3d 814, 817 (8th Cir. 2009) (**citing Monell**, 436 U.S. at 690-92).  In **Monell**, the United State Supreme Court determined municipalities may be sued under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision."  **Monell**, 436 U.S. at 690.  A plaintiff "need not, however, specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss."  **Crumpley-Patterson v. Trinity Lutheran Hosp.**, 388 F.3d 588, 591 (8th Cir. 2004).

> When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right.  Moreover, such a holding would disregard the liberality of Fed. R. Civ. P. 8(a)(2) which requires merely a short and plain statement of the claim showing that the pleader is entitled to relief, and 8(f), which states pleadings shall be so construed as to do substantial justice.

**Doe ex rel. Doe v. Sch. Dist. of City of Norfolk**, 340 F.3d 605, 614 (8th Cir. 2003) (internal quotation omitted).  "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."  **Crumpley-Patterson**,

388 F.3d at 591. "A plaintiff's failure to include any allegations, reference, or language by which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom renders the complaint deficient." *Id.* at 591 (internal quotation omitted). To establish the existence of a governmental custom, Blair is required to prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

***Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.***, 901 F.2d 642, 646 (8th Cir. 1990).

Blair alleges Douglas County failed to train and supervise the DCAO and, as a result of such failure, the DCAO failed to turn over ***Brady*** material and properly investigate the alleged crime. **See** Filing No. 28 - First Amended Complaint; Filing No. 79-2 - Proposed Amended Complaint. Specifically, Blair alleges DCAO failed to turn over the alleged victim's medical and telephone records in violation of ***Brady***. **See** Filing No. 28 - First Amended Complaint p. 15, 21, 30-32; Filing No. 79-2 - Proposed Amended Complaint p. 22-23, 29-30, 40-41. Blair also alleges DCAO failed to properly investigate the alleged crimes because DCAO did not interview witnesses, investigate conflicting police reports, or review phone records. **See** Filing No. 28 - First Amended Complaint p. 12, 15, 32-42; Filing No. 79-2 - Proposed Amended Complaint p. 19-20, 22-23, 29-30, 41-52. Blair alleges Douglas County "had in force and effect a policy, practice and custom of failing to properly discipline, supervise, and train [the DCAO], including . . . the proper way to conduct investigations." **See** Filing No. 28 - First Amended Complaint p. 30-42; Filing No. 79-2 - Proposed Amended Complaint p. 41-52. Blair alleges Douglas County's failure to train and supervise DCAO is causally related to the injury Blair sustained. **See** Filing No. 28 - First Amended Complaint p. 30-42; Filing No. 79-2 - Proposed Amended Complaint p. 41-52.

The court finds Blair's aforementioned allegations, that Douglas County unconstitutionally failed to properly train and supervise DCAO pursuant to an official custom, policy, or practice, are plausible on their face and sufficient to survive a motion to dismiss.  **See** ***Atkinson v. City of Mountain View, Mo.***, 709 F.3d 1201, 1214 (8th Cir. 2013) ("Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from . . . a deliberately indifferent failure to train or supervise[.]") (internal citations and quotations omitted) (**citing** ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 388 (1989)).   Accordingly, the court finds Douglas County's Second Motion to Dismiss Blair's third count is denied.

## B.    Motion to Amend

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires."  However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  ***Amrine v. Brooks***, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).  There is no absolute right to amend. ***Trim Fit, LLC v. Dickey***, 607 F.3d 528, 531 (8th Cir. 2010).  Whether to grant a motion for leave to amend is within the sound discretion of the district court.  **See** ***Popoalii v. Correctional Med. Servs.***, 512 F.3d 488, 497 (8th Cir. 2008).

Blair filed a timely motion to amend.  Further, the parties have not commenced discovery and discovery is currently stayed.    **See** [Filing No. 69](#) - Order (staying discovery pending resolution of McKeever and Vondra's summary judgment motion).  Additionally, the defendants are not unduly prejudiced.  Accordingly, Blair's motion is granted to the extent the court will allow Blair to file an amended complaint in accordance with the limitations set forth herein, specifically, excluding state law claims and the parties dismissed above because it is futile to include such claims and parties in an amended complaint.  **See** ***Hintz v. JPMorgan Chase Bank, N.A.***, 686 F.3d 505, 511 (8th Cir. 2012) ("[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. . . .") (alternation in original).

21

**IT IS ORDERED**:

1.     The defendants' Second Motion to Dismiss (Filing No. 49) is granted in part and denied in part:

      A.     To the extent the Blair alleges any state law claims for malicious prosecution, false imprisonment, use of fraudulent police reports, and procurement of unreliable and fabricated evidence and testimony, those claims are dismissed with prejudice.

      B.     Blair's claims against Frank Goodroe and Douglas County Court Administrators are dismissed with prejudice.

      C.     Blair's claims against Kleine, Dornan, and Jansen are dismissed with prejudice.

      D.     The motion is denied in all other respects.

2.     The plaintiff's Consolidated Motion for Leave to Add/Substitute Parties and Amend Complaint (Filing No. 71) is denied as moot.

3.     The plaintiff's Motion in Support of Third Amend (sic) Complaint (Filing No. 79) is granted as specifically set forth above.  The plaintiff shall file a second amended complaint by **July 18, 2013**.


Dated this 8th day of July, 2013.

                BY THE COURT:

                s/ Thomas D. Thalken
                United States Magistrate Judge