IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEVEN R. BLAIR,

           Plaintiff,                           8:11CV349

    vs.

DOUGLAS COUNTY,                          ORDER

           Defendant.

This matter is before the court on the plaintiff's, Steven R. Blair (Blair), Motion to Compel Further Answers to Interrogatories Douglas County (Filing No. 142). In response, the defendant, Douglas County, filed a Motion in Opposition to Plaintiff's Motion to Compel (Filing No. 146),[1] an index of evidence (Filing No. 147), and a brief (Filing No. 148). Blair filed a brief (Filing No. 154) in reply.

## BACKGROUND

This matter arises from Blair's May 12, 1997, arrest and subsequent conviction for assault, kidnapping, and terroristic threats. **See** Filing No. 90 - Second Amended Complaint. Blair was released from prison in 2005 after his conviction was set aside in 2003. *Id.* Blair alleges violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments as well as ***Brady*** violations associated with the state criminal proceedings related to his arrest, prosecution, conviction, and sentencing. *Id.* Blair alleges a Douglas County policy, custom, or practice caused the alleged constitutional violations. *Id.* Douglas County generally denies the allegations and has moved for summary judgment.[2] Blair was previously represented by counsel but is now proceeding *pro se.*

On November 5, 2013, Blair served Douglas County with his First Set of Interrogatories. **See** Filing No. 119 - Certificate of Service. The interrogatories generally seek Douglas County's policies and practices in complying with Nebraska directives,

---

[1] The defendant's Motion in Opposition to Plaintiff's Motion to Compel is in contradiction with the local rules. The Civil Rules of the United States District Court for the District of Nebraska provide: "The party opposing a motion must not file an "answer," "opposition," "objection," or "response," or any similarly titled responsive pleading. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A).

[2] The court will address Douglas County's pending Motion for Summary Judgment in a separate order.

statutes, rules, and case law guidelines. **See** Filing No. 133-6 - Blair's First Set of Interrogatories and Douglas County's Answers. On December 23, 2013, Douglas County served its answers to Blair's First Set of Interrogatories. **See** Filing No. 125 - Certificate of Service. On January 16, 2014, Blair sent a letter to Douglas County's counsel requesting specific information and non-evasive answers from Douglas County by January 31, 2014, otherwise Blair would seek an order compelling answers. **See** Filing No. 142 - Motion p. 6 - Jan. 16, 2014, Letter. On April 2, 2014, Blair filed the instant motion to compel. **See** Filing No. 142 - Motion. Blair seeks an order compelling Douglas County to supplement the December 23, 2013, answers. *Id.* Blair argues Douglas County's answers to interrogatories two through twenty-five are evasive and incomplete. *Id.* (**citing** Filing No. 133-6 - Douglas County's Answers).

In response, Douglas County argues it provided complete, responsive answers or objections to Blair's interrogatories. **See** Filing No. 148 - Response. Douglas County argues because there are no stand-alone policies responsive to Blair's requests, there is nothing to compel. *Id.* Additionally, Douglas County contends Blair's letter does not satisfy the meet and confer requirement under Nebraska Civil Rule 7.1(i). *Id.*

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See** ***Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the

documents to bear that burden." ***Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

Regarding interrogatories under Federal Rule of Civil Procedure 33, generally, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If an objection is made, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

Douglas County provided responsive, non-evasive answers or properly asserted objections to Blair's interrogatories. Although the responses may not meet Blair's approval, such disapproval does not negate the sufficiency of Douglas County's answers and objections. Blair generally sought the identification of specific policies related to criminal prosecution. **See** Filing No. 133-6 - Douglas County's Answers. Douglas County answered, "the policy of the Douglas County Attorney's Office has been to perform its duties pursuant to Neb. Rev. Stat. § 23-1201" and decisions made while performing such duties are "made on a case-by-case basis[.]" ***Id.*** Additionally, in various answers, as applicable, Douglas County noted it does not possess "stand-alone polic[ies] specifically addressing" all facets of a criminal prosecution. ***Id.*** The court cannot compel supplemental answers or the production of information that does not exist. Blair fails to establish how Douglas County's answers are incomplete or evasive. Blair apparently seeks a one-size-fits-all policy for all criminal prosecutions which, according to Douglas County's answers, simply does not exist. After review, the court finds Douglas County's answers are sufficient. Accordingly,

**IT IS ORDERED**:

Blair's Motion to Compel Further Answers to Interrogatories Douglas County (Filing No. 142) is denied.

Dated this 1st day of May, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge